# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| CORDERO ROSALES SANDOVAL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 09-CV-599-GKF-TLW |
| JUSTIN JONES, Director, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner filed a response to the motion (Dkt. # 11). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice as time barred.

## *BACKGROUND*

At the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2005-2347, Petitioner Cordero Rosales Sandoval was convicted of two counts of First Degree Felony Murder. On August 24, 2006, he was sentenced to life imprisonment on each count, with the sentences to be served consecutively. See Dkt. # 10, Exs. 1 and 3.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed July 13, 2007, in Case No. F-2006-610, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 10, Ex. 1. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On June 23, 2008, Petitioner filed an application for post-conviction relief. See Dkt. # 10, Ex. 2. On August 1, 2008, the state district court denied post-conviction relief. Id. Petitioner filed a post-conviction appeal at the OCCA. On September 8, 2008, in Case No. PC-2008-780, the OCCA affirmed the state district court's denial of post-conviction relief. See Dkt. # 10, Ex. 1.

On September 11, 2009, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1).

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C),

2

and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on October 11, 2007, after the OCCA concluded direct review on July 13, 2007, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on October 11, 2007, and, absent a tolling event, a federal petition for writ of habeas corpus filed after October 14, 2008,[1] would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The record reflects that on June 23, 2008, or prior to expiration of the one-year period, Petitioner filed his application for post-conviction relief. Therefore, the limitations period was tolled, or suspended during the pendency of the post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner's application for post-conviction relief was pending in the state courts from June 23, 2008, to September 8, 2008, or for 77 days. Thus, the limitations deadline in this case was extended 77 days beyond October 14, 2008, or until December 30, 2008. Petitioner did not file his habeas corpus petition until September 11, 2009, or more than eight (8) months beyond the deadline. Therefore, unless Petitioner demonstrates that he

---

[1]October 11, 2008, fell on a Saturday. Monday, October 13, 2008, was Columbus Day. Therefore, without tolling, Petitioner's deadline for filing his petition for writ of habeas corpus was October 14, 2008. See Fed. R. Civ. P. 6(a).

is entitled to equitable tolling of the limitations period, his petition filed September 11, 2009, is clearly untimely.

In response to the motion to dismiss (Dkt. # 11), Petitioner states that he has no objection to the time frames set forth by Respondent in the brief in support of the motion to dismiss. However, he claims that he is entitled to equitable tolling of the limitations period because he is untrained and has to rely on outside sources for legal information, he has had to rely on the assistance of other inmates, he has endured a series of lengthy lockdowns at his facility, his legal papers were lost during a transfer from one facility to another, he suffers from depression and receives medications, and while he may have been guilty of being an accessory or accomplice or of aiding and abetting, he is actually innocent of first degree murder. See Dkt. # 11.

Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling.

Gibson, 232 F.3d at 808. Petitioner's vague and conclusory statement concerning his lack of access to legal resources is insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978. The Court also recognizes that Petitioner appears *pro se* and avers that he is unfamiliar with the law. See Dkt. # 7. However, Petitioner's conclusory statement concerning his lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. Furthermore, Petitioner's references to prison lockdowns, reliance on questionable advice of inmate law clerks, and loss of legal papers, do not qualify as extraordinary events entitling Petitioner to equitable tolling. Petitioner fails to provide specific dates for the lockdowns and transfers and, as a result, his vague allegations do not justify equitable tolling. Id. (noting that petitioner "has provided no specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims").

As to Petitioner's claim of medical disability, the Court finds Petitioner has not demonstrated that he was so incapacitated during the limitations period that he was incapable of pursuing his claims. He provides no medical records or other documentation suggesting that between October 11, 2007, and December 30, 2008, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). The Court concludes that Petitioner did not diligently pursue his federal habeas corpus claims. Worley v. Lytle, 221 F.3d 1354 (10th Cir. 2000) (unpublished) (tolling would be allowed only under "exceptional circumstances,"

such as an adjudication of incompetency, institutionalization based on the alleged mental incapacity, or incapacitation to the degree that the litigant is unable to pursue his or her suit).[2]

Lastly, the Court recognizes that Petitioner claims to be actually innocent of the crime for which he was convicted. See Dkt. # 11. The Tenth Circuit has held that where "a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Lopez v. Trani, — F.3d —, 2010 WL 4923891 at *3 (10th Cir. Dec. 6, 2010). Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. In this case, Petitioner provides no new evidence supporting his claim of actual innocence. For that reason, his claim of actual innocence does not entitle him to equitable tolling.

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to statutory or equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

---

[2]Unpublished opinion cited for persuasive value. See 10th Cir. R. 32.1(A).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this matter.

DATED THIS 8th day of February, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma